UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO: 2:16-CV-00065-BR

ANNE MARIE MCDOWALL, )
)
          Plaintiff, )
)
v. ) ORDER
)
UNITED STATES OF AMERICA and )
UNITED STATES POSTAL )
SERVICE, )
          Defendants. )

This matter is before the court on defendant United States of America's[1] motion for summary judgment. (DE # 14.) Plaintiff filed a response in opposition to the motion. (DE # 20.) Defendant filed a reply. (DE # 24.) Defendant has also filed a motion to seal plaintiff's medical records, which defendant submitted in support of its motion for summary judgment. (DE # 19.) Plaintiff did not respond. Thus, the motions have been fully briefed and are ripe for disposition.

Plaintiff's claim stems from her 11 March 2015 fall at the United States Post Office in Windsor, North Carolina. Plaintiff arrived at the post office that day around 1:30 p.m. (Pl.'s Dep., DE # 17-1, at 5-6.) At that time, the sales and service area of the post office was closed and inaccessible to the public, but the post office box area was accessible to the public. (Marley Decl., DE # 17-6, at 3.) Plaintiff parked and then went to retrieve mail from her post office box. (Pl.'s Dep., DE # 17-1, at 7.) As she was walking into the post office on the sidewalk adjacent to

---

[1] The United States of America is the only proper defendant. See 28 U.S.C. § 2679(a); McCain v. Drew, No. CA 0:12-2168-JFA-PJG, 2012 WL 7808880, at *3 n.1 (D.S.C. Oct. 24, 2012) (report and recommendation) ("It is well established that [Federal Torts Claims Act] claims may be brought against only the 'United States,' and not the agencies or employees of the United States."), adopted, 2013 WL 1281894 (D.S.C. Mar. 26, 2013).

the building, plaintiff saw three or four plastic bands "on the ground moving." (Id. at 8, 19, 23–24.) The bands were made of a clear plastic, such that "some of them blend in." (Id. at 18–20.) Plaintiff was able to walk over the bands when entering the post office. (Id. at 19; see also id. at 31.) After retrieving her mail, plaintiff exited the building and began walking back down the sidewalk. (Id. at 9, 12.) She noticed a person walking in front of her, whom she later found out was a Windsor post office employee. (Id. at 12, 14-15.) Plaintiff suddenly fell forward, landing on her knees and hands. (Id. at 12.) When she looked down, she saw "a bunch of" plastic bands—"more than ten" of them—at her feet. (Id. at 17–18.) Although she stepped over some bands previously, according to plaintiff, "the wind was blowing, so it's a possibility [that the bands] could have been blown" elsewhere.[2] (Id. at 19.) Plaintiff estimates that the wind was blowing "about five miles per hour" and also blowing leaves on the ground. (Id. at 23.)

After her fall, plaintiff described this sequence of events to the Windsor postmaster, Phillip Marley. (See id. at 25–27; Marley Decl., DE # 17-6, at 4.) They went together to the area where she fell, and she showed him her injuries. (Pl.'s Dep., DE # 17-1, at 27.) According to plaintiff, Postmaster Marley "saw the stuff and . . . said something to the effect that the workers were . . . incompetent[.]" (Id. at 26.) Plaintiff went to the emergency room to seek treatment for her injuries, where she was given a brace for her left wrist and pain medication for a month. (Id. at 29–30.)

For its part, defendant acknowledges that plastic bands are common at post offices, as they "are used to bundle presorted mail flats and circulars." (Marley Decl., DE # 17-6, at 2; see also Williams Decl., DE # 17-7, at 1.) Defendant is aware these bands are "a potential tripping hazard." (Williams Decl., DE # 17-7, at 2.) In fact, it contracted with a janitor to be responsible

---

[2] It is not evident in the record that the location where plaintiff fell after exiting the post office is the same location where she stepped over the plastic bands prior to entering the post office.

2

for disposing of the bands. (Id. at 2.) The janitor is also contracted to inspect the post office grounds. (Id.) Also, Postmaster Marley normally inspected the grounds each morning. (Id. at 2-3.) However, he does not recall whether he did so on the date plaintiff fell. (Id. at 3.)

After plaintiff told him she fell, Postmaster Marley denies seeing any plastic bands on the sidewalk or elsewhere. (Marley Decl., DE # 17-6, at 4.) Christine Williams, a postal employee who saw plaintiff immediately after she fell, did not see any plastic bands or anything else around plaintiff's feet that would have caused plaintiff to trip or slip. (Williams Decl., DE # 17-7, at 3.) Additionally, according to Postmaster Marley, no one reported seeing any bands on the post office grounds prior to or after plaintiff fell. (Marley Decl., DE # 17-6, at 5.)

Plaintiff brings this action pursuant to the Federal Torts Claim Act ("FTCA"), alleging that defendant's negligence led to her injury. (Compl., DE # 1, ¶ 1.) After her administrative claim was denied, she timely filed her complaint in this court. (Id. ¶ 5.) Defendant claims summary judgment is appropriate because: (1) plaintiff cannot establish that defendant created the hazardous condition or had actual or constructive notice of that condition; (2) plaintiff cannot establish that defendant negligently inspected the premises; and (3) plaintiff was contributorily negligent. (Def.'s Mem., DE # 15, at 7.) In response, plaintiff argues that issues of material fact exist, specifically whether: (1) postal employees caused the plastic bands to be present on the post office grounds; (2) postal employees failed to correct the hazardous condition after actual or constructive notice of the condition; and (3) plaintiff should have seen the plastic bands on the ground when leaving the post office. (Pl.'s Resp., DE # 20, at 5–7.)

Summary judgment is proper only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine factual issue exists "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). In determining whether an issue of fact exists, the court must view the evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).

Because this claim arises under the FTCA, the law of North Carolina, where the accident occurred, applies. See 28 U.S.C. § 1346(b)(1); Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Plaintiff's negligence claim is based on her status as defendant's invitee. The owner's duty to an invitee is "to exercise 'ordinary care to keep in a reasonably safe condition those portions of its premises which it may expect will be used by its customers during business hours, and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision.'" Hines v. Wal-Mart Stores E., L.P., 663 S.E.2d 337, 339 (N.C. Ct. App. 2008) (quoting Raper v. McCrory–McLellan Corp., 130 S.E.2d 281, 283 (N.C. 1963)). To prove her negligence claim, the invitee-plaintiff must show that the owner-defendant "either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence." Id. at 339–40 (citing Hinson v. Cato's, Inc., 157 S.E.2d 537, 538 (N.C. 1967)).

"Under North Carolina law, a plaintiff is completely barred from recovering for any injury proximately caused by the plaintiff's contributory negligence." Thorpe v. TJM Ocean Isle

4

Partners LLC, 733 S.E.2d 185, 188 (N.C. Ct. App. 2012) (citation omitted). A plaintiff is contributorily negligent if "(1) [] the plaintiff failed to act with due care and (2) such failure proximately caused the injury." Id. at 190 (citation omitted). In the context of an injury caused by an unsafe condition, "[t]he doctrine of contributory negligence will preclude a defendant's liability if the [plaintiff] actually knew of the unsafe condition or if a hazard should have been obvious to a reasonable person." Id. (internal quotation marks and citation omitted) (alterations in original). Because "the question of contributory negligence is ordinarily one for the jury[,]" courts should only grant summary judgment on the issue if "the evidence is uncontroverted that a party failed to use ordinary care and that want of ordinary care was at least one of the proximate causes of the injury . . . ." Id. (internal quotation marks and citation omitted).

Because genuine issues of material fact exist as to whether defendant negligently caused the plastic bands to be present on the sidewalk and whether it failed to warn of or correct the condition after actual or constructive notice of its existence, summary judgment on plaintiff's claim is inappropriate. Similarly, the court concludes that a genuine issue material fact exists as to whether plaintiff knew, or should have known, of the existence of the plastic bands in the location where she fell. Accordingly, the court must deny defendant's motion for summary judgment.

The court now turns to defendant's motion to seal plaintiff's medical records filed in support of its motion for summary judgment. Public access to documents filed with the court arises from two sources: the First Amendment and the common law. United States v. Appelbaum, 707 F.3d 283, 290 (4th Cir. 2013). "For a right of access to a document to exist under either the First Amendment or the common law, the document must be a 'judicial record.'" Id. (citation omitted). "Judicial records" include not only orders filed by the court but also

5

documents filed with the court that "play a role in the adjudicative process . . . ." Id. However, "the mere filing of a document with the court does not render the document judicial." In re Policy Mgmt. Sys. Corp., Nos. 94-2254, 94-2341, 1995 WL 541623, at *4 (4th Cir. Sept. 13, 1995) (citing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)). Plaintiff's medical records are not relevant to the issues underlying the motion for summary judgment. As a result, the court has not considered plaintiff's medical records in reaching its decision on the motion. Therefore, there is no right of public access to plaintiff's medical records, and the court will grant the motion to seal.

Accordingly, defendant's motion for summary judgment is DENIED, and defendant's motion to seal is GRANTED.

This 3 October 2017.

_____
W. Earl Britt
Senior U.S. District Judge